UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
5:13-cv-23-RLV
(5:05-cr-009-RLV-DCK-18)

| | |
|---|---|
| ANTHONY MICHAEL BROWN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, the Court finds that this is an unauthorized, successive petition, and the Court therefore dismisses the Motion to Vacate.

**I.  BACKGROUND**

On September 30, 2005, Petitioner pled guilty to conspiracy to possess with intent to distribute crack cocaine, cocaine, and marijuana, in violation of 21 U.S.C. §§ 846 & 851. (Crim. Case No. 5:05-cr-009, Doc. No. 340: Acceptance and Entry of Guilty Plea). Petitioner was designated as a Career Offender and was sentenced to 262 months. (Id., Doc. No. 743: Judgment). On January 21, 2009, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction and sentence. United States v. Brown, 208 Fed. App'x 711 (4th Cir. 2009).

On January 26, 2010, Petitioner filed a Section 2255 motion to vacate, which this Court denied and dismissed on February 17, 2010. (Crim. Case No. 5:05-cr-009, Doc. Nos. 1293;

-1-

1303: Civil No. 5:10-cv-4). On June 9, 2010, the Fourth Circuit dismissed Petitioner's appeal of the Court's Order denying the motion to vacate. United States v. Brown, 382 Fed. App'x 279 (4th Cir. 2010). On July 18, 2011, the Fourth Circuit denied Petitioner's Motion under 28 U.S.C. § 2244 to file a successive petition. (Crim. Case No. 5:05-cr-009, Doc. No. 1378). On February 12, 2013, Petitioner filed the present Section 2255 motion.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Petitioner filed the instant Motion to Vacate on February 11, 2013, seeking to have the Court vacate his conviction and sentence in Criminal Case No. 5:05-cr-9-RLV-DCK-18. As noted, Petitioner filed a previous motion to vacate the same conviction and sentence on January 26, 2010. Thus, this is the second Section 2255 petition filed by Petitioner challenging the conviction and sentence in Criminal Case No. 5:05-cr-9-RLV-DCK-18.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth

Circuit before this Court will consider any second or successive petition under 28 U.S.C. § 2255. Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive petition. See also 28 U.S.C. § 2255(h) (stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"). Indeed, on July 18, 2011, the Fourth Circuit expressly denied a motion by Petitioner under 28 U.S.C. § 2244 to file a successive petition. (Crim. Case No. 5:05-cr-009, Doc. No. 1378). Accordingly, this successive petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place"). Accord Everette v. United States, 5:04-cv-358, 2012 WL 4486107 (E.D.N.C. Sept. 28, 2012) (dismissing a § 2255 as a successive petition where the petitioner raised a claim under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).

IV. **CONCLUSION**

For the foregoing reasons, the Court will dismiss Petitioner's Section 2255 Motion to Vacate for lack of jurisdiction because the motion is a successive petition and Petitioner has not first obtained permission from the Fourth Circuit Court of Appeals to file the motion.

**IT IS, THEREFORE, ORDERED** that

1. Petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED** as a successive petition.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a

certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right). Petitioner has failed to make the required showing.

Signed: February 19, 2013

Richard L. Voorhees
United States District Judge